IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DOLAN MECHANICAL, INC.           :
                                 :    CIVIL ACTION
          Plaintiff,             :    NO. 21-3020
                                 :
     v.                          :
                                 :
THACKRAY CRANE RENTAL, INC.      :
                                 :
          Defendant.             :


M E M O R A N D U M

EDUARDO C. ROBRENO, J.                        August 18, 2022


Presently before the Court are cross-motions for summary judgment filed by the Defendant, Thackray Crane Rental ("Thackray"), and Plaintiff, Dolan Mechanical ("Dolan"). The disputes arise out of agreements the parties made for Thackray to store large pieces of HVAC equipment purchased by Dolan and then unload them at Dolan's jobsite, and the damages to the HVAC equipment that occurred prior to being delivered to the jobsite.

In its motion for summary judgment, Thackray seeks judgment on Counts I (negligence), II (breach of contract), and III (breach of bailment agreement) of Dolan's complaint as well as summary judgment on its own Affirmative Defense 6 (limitation of damages) and its Counterclaim II (breach of contract).

In its motion for partial summary judgment, Dolan seeks judgment on Count III of its complaint (breach of bailment

agreement), as well as on Thackray's Affirmative Defense 6 (limitation of damages).[1]

For the reasons that follow, the Court will grant in part and deny in part Dolan's motion and deny Thackray's motion. Where the parties raise arguments concerning the same Counts and Counterclaims, the Court will discuss them together, but will still analyze and rule on the motions independently.

## I.   FACTUAL BACKGROUND and PROCEDURAL HISTORY

Dolan purchased HVAC equipment from Tozour-Trane which was manufactured by Xetex, Inc. in Le Crosse, Wisconsin. Xetex delivered the equipment to Thackray in Philadelphia, Pennsylvania. Dolan had hired Thackray to unload the equipment from Xetex's trucks at Thackray's yard, store the equipment for a period of time, and then deliver the equipment to Dolan's jobsite at West Chester University ("WCU") where the HVAC equipment was to be installed by Dolan.

When Thackray delivered some of the HVAC equipment at WCU on October 14, 2020, but before Thackray unloaded the equipment with its cranes, employees from Dolan and Xetex noticed that the

---

[1]   Dolan also moved for summary judgment on Thackray's Counterclaims I and III for breach of contract, and IV and V for declaratory judgment. Thackray concedes these four Counterclaims, thus, the Court will enter summary judgment on them in favor of Dolan.

Thackray employees had improperly rigged the crane in that the spreader bar on the crane was too short to properly lift the equipment. The spreader bar prevents the lifting harness on the crane from crushing the corners of the HVAC equipment when it is lifted. The spreader bar must be longer than the equipment to ensure that there is no damage.

The Thackray employees did not have a spreader bar that was long enough for the equipment, so the unloading of the equipment was halted. At that time, Dolan employees also discovered that some of the HVAC equipment on Thackray's trucks was damaged and had crushed corners. After being informed of the damage, Thackray checked the equipment that was still in its yard awaiting delivery and noticed crushed corners on some of those units as well. Dolan then sent the damaged HVAC equipment back to Thackray's yard so that Xetex could effectuate repairs.

Dolan claims that the repairs by Xetex cost $203,455. Dolan also claims that it was required to spend an additional $34,000 to cover the openings it had made in the WCU buildings for the HVAC equipment while the equipment was being repaired. The repaired equipment was later delivered to the WCU jobsite and installed.

All the deposition testimony, including that of Thackray's expert, agree that the damage to the HVAC units was caused by improperly rigged cranes which allowed the lifting harness to

contact the equipment and crush the corners. Such damage could be caused if the crane operator used a spreader bar that was too short. The only time the HVAC equipment was lifted by a party other than Thackray was when Xetex lifted the equipment onto its trucks for delivery to Thackray's yard.

Dolan filed this suit alleging that, in light of the damage, Thackray was negligent, breached its contract with Dolan, and breached its bailment agreement with Dolan. Both parties have filed motions for summary judgment.

## II. LEGAL STANDARD

Summary judgment is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986)). A fact is material if proof of its existence "might affect the outcome of the suit," and a dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

The Court views the facts "in the light most favorable to the nonmoving party." Am. Eagle Outfitters, 584 F.3d at 581.

4

"After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." <u>Pignataro v. Port Auth. of N.Y. & N.J.</u>, 593 F.3d 265, 268 (3d Cir. 2010). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e) (1963)).

The standard is identical when addressing cross-motions for summary judgment. <u>Lawrence v. City of Phila.</u>, 527 F.3d 299, 310 (3d Cir. 2008). When confronted with cross-motions for summary judgment, "[t]he court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." <u>Schlegel v. Life Ins. Co. of N. Am.</u>, 269 F. Supp. 2d 612, 615 n.1 (E.D. Pa. 2003) (quoting 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, <u>Federal Practice and Procedure</u> § 2720 (3d ed. 1998)).

## III. DISCUSSION

### A.   Liability

Both Thackray and Dolan have moved for summary judgment on the issue of liability. Dolan claims that Thackray breached its

bailment agreement with Dolan by, inter alia, failing to deliver the HVAC equipment in good condition. Thackray claims that Dolan cannot prove that the equipment was damaged while under Thackray's control and, thus, cannot prove any of its liability theories.

### 1.   Dolan's Motion

"A bailment is a delivery or deposit of personalty under an implied or express agreement that at the termination of the bailment the personalty will be redelivered to the bailor, otherwise dealt with according to the bailor's directions, or kept until the bailor reclaims it." Am. Enka Co. v. Wicaco Mach. Corp., 686 F.2d 1050, 1053 (3d Cir. 1982) (citing Wright v. Sterling Land Co., 43 A.2d 614, 615 (Pa. Super. 1945)). A breach of a bailment agreement occurs when the bailee fails to return the property or returns it in a damaged condition. Id. In cases like this where the bailment is for the mutual benefit of the bailor and bailee, the bailee is required to exercise reasonable and ordinary care in handling the goods. Id.

Once the bailor has shown that goods have been delivered to a bailee, and that the bailee has failed to return the goods in the same condition, a presumption of negligence on the part of the bailee arises. Logan v. Mathews, 6 Pa. 417, 418-419 (1847); Hearst Magazines, Div. of Hearst Corp. v. Cuneo E. Press, Inc. of Pa., 296 F. Supp. 1202, 1204 (E.D. Pa. 1969); Eng. Whipple

6

Sailyard, Ltd. v. Yawl Ardent, 459 F. Supp. 866, 873 (W.D. Pa. 1978) (citing first Jackson v. Fort Pitt Hotel, 57 A.2d 696 (Pa. Super. 1948) and then Moss v. Bailey Sales & Serv., 123 A.2d 425 (Pa. 1956)).

> The bailee may then rebut this presumption by giving an accounting or explanation of the loss or damage of the bailed property sufficient to enable the bailor to conduct his own investigation of the matter, by showing that the failure to return was due to some cause consistent with due care on the bailee's part, or by showing that the bailee had exercised due care in all respects.

Hearst Magazines, 296 F. Supp. at 1204 (citing first 5 Pennsylvania Law Encyclopedia § 13, then Moss, 123 A.2d at 426, and then Schell v. Miller North Broad Storage Co., 16 A.2d 680 (Pa. Super. 1940)).

Thackray does not dispute that Dolan had the equipment delivered to Thackray or that Thackray attempted to return the equipment to Dolan at the WCU jobsite. What is at issue is whether Thackray returned the equipment in the same condition in which it received it. On this issue, Dolan claims that the evidence is unequivocal that the equipment was damaged while under Thackray's control. Thackray argues that there is no proof that it damaged the equipment since the equipment was wrapped in

white shrink wrap and no one noticed any damage until October 14, 2020.[2]

The evidence is undisputed that, except for when Xetex loaded the equipment onto trucks at its factory, Thackray was responsible for all other crane lifts of the equipment until the damage was discovered. It is also undisputed, and specifically confirmed by Thackray's expert, that the equipment was damaged by improper lifting wherein the lifting harness on the crane was allowed to contact and partially crush the units.

Moreover, the only available evidence shows that Xetex properly loaded the equipment it manufactured onto the trucks. There are pictures from the crane lift at Xetex showing the crane operator used the proper sized spreader bar while loading the trucks. Xetex's employee also testified that he witnessed the equipment being lifted properly onto the trucks. Finally, it is undisputed that Xetex used its standard contractor to load the trucks and that these contractors successfully load hundreds of trucks with Xetex's equipment per year. While Thackray attempts to counter this evidence by speculating that the damage

---

[2]   This is not entirely accurate in that a Tozour-Trane service technician noticed crushed corners on one piece of the HVAC equipment while it was still in Thackray's yard in early October 2020 before the equipment was delivered to WCU.

8

may have happened in a different manner or place, it offers no evidence to support this speculation.

Were this not enough, there is also undisputed evidence that Thackray was prepared to improperly lift the equipment at WCU and that its employees did not have the proper sized spreader bar that would have prevented the exact type of damage that was discovered. That Thackray was unprepared to properly lift the equipment at WCU indicates that it likely failed to use the proper spreader bar on previous occasions.

In that the evidence clearly shows that (1) the equipment was damaged by improper lifting; (2) the equipment was properly loaded at Xetex; and (3) all other lifts were performed by Thackray, there is no genuine dispute regarding liability since no reasonable jury could conclude that the damage occurred outside of Thackray's control. Anderson, 477 U.S. at 248. Thus, Dolan is entitled to summary judgment on its claim that Thackray breached the bailment agreement.

In light of the evidence that Thackray damaged the equipment, a presumption of negligence applies. See, e.g., Hearst Magazines, 296 F. Supp. at 1204. Thackray has not adequately rebutted this presumption by providing a reason for the damage or showing that it exercised due care. Thackray's defense is essentially that it is unknown when the damage occurred. As stated, this argument fails. Therefore, the Court

will apply the unrebutted presumption that Thackray was negligent in handling and damaging the HVAC equipment.

### 2.  Thackray's Motion

Thackray seeks summary judgment on Dolan's claims of negligence, breach of contract, and breach of the bailment agreement.

Thackray argues that Dolan failed to produce reasonable evidence of its damages. The Court disagrees. Viewing the evidence in the light most favorable to Dolan, the Court concludes that the documents and invoices produced by Dolan are adequate in that that a jury could reasonably use that evidence to estimate the damages sought by Dolan.

Moreover, given that no reasonable jury could conclude that the damage to the HVAC units occurred outside of Thackray's control, and especially when viewing the facts in the light most favorable to Dolan, it is appropriate for the Court to deny summary judgment to Thackray on Dolan's claims of negligence, breach of contract, and breach of the bailment agreement.

### B.  Damage Limitations

Both parties move for summary judgment on Thackray's affirmative defense that the terms on the second page of its "warehouse receipts," which were provided to Dolan after each delivery of the HVAC equipment to Thackray's yard, limit its liability "to ten (10) times [Thackray's] monthly storage

charge." <u>See</u> Def. Mot, Exh E at Thackray 00100, ECF No. 41-5, p. 116. Thackray contends that, as a result, instead of the $237,455 that Dolan seeks for the damages Thackray allegedly caused to the HVAC equipment, the warehouse receipts limit any damages to $38,200.

### 1. Dolan's Motion

Dolan argues that the terms of the warehouse receipts are not binding on it, including the damages limitation in Section 11. Thackray sent Dolan a warehouse receipt for each load of HVAC equipment that was delivered to Thackray by Xetex shortly after Thackray received the equipment. Dolan does not dispute that it received the receipts but claims that it did not sign them and did not understand that they included contractual terms.

The bottom of each warehouse receipt provides that the terms of the receipt are "NON-NEGOTIABLE," that "[t]he goods are stored subject to all the terms and conditions stated on page 2 of this warehouse receipt," and that those terms "constitute a contract to which customer agrees by the acceptance of this Warehouse Receipt." ECF No. 41-5, p. 115. Page two of the warehouse receipts includes 18 provisions, including Section 11 which purports to limit damages.

Both parties acknowledge that, absent unconscionability, an unsigned contract under these circumstances may still be binding

on the parties if "the necessary manifestation of consent to the terms of the contract" is present. Valhal Corp. v. Sullivan Assocs., Inc., 44 F.3d 195, 201 (3d Cir. 1995); see Vasilis v. Bell of Pa., 598 A.2d 52, 54 (Pa. Super. 1991) ("[W]here, as here, a contract provision affects commercial entities with meaningful choices at their disposal, the clause in question will rarely be deemed unconscionable.")

Thackray argues that Dolan manifested its consent by failing to object to the terms of the warehouse receipts and by continuing to store the HVAC equipment with Thackray. Dolan argues that it did not sign the receipts or see the contractual provisions and, thus, did not consent to them. Viewing the facts in the light most favorable to Thackray, and recognizing that both parties are sophisticated businesses, the Court concludes that Dolan's failure to object to the terms after receiving them and continuing to use Thackray to store its equipment is evidence a jury could accept as manifesting consent. See Vasilis, 598 A.2d at 54 ("Courts have upheld limitation of damage provisions in sales contracts between merchants or experienced business concerns because there is no disparity between such entities in either bargaining power or sophistication.") (first citing K & C, Inc. v. Westinghouse Elec. Corp., 263 A.2d 390 (Pa. 1970), and then Chatlos Sys.,

Inc. v. Nat'l Cash Register Corp., 635 F.2d 1081 (3rd Cir. 1980)).

Dolan also argues that the receipts cannot manifest consent since Thackray had already received the goods by the time Dolan received the warehouse receipt for each delivery to Thackray's yard and purportedly agreed to the terms on the receipt. The Court agrees in connection with the first delivery to Thackray. Dolan could not have had any knowledge of the terms in connection with the first delivery since it did not receive the warehouse receipt for that delivery until a short time after the delivery. However, after that first delivery, the Court finds that a jury could conclude that Dolan had knowledge of the contractual terms and was bound by them.

Finally, Dolan argues that if it is bound by the warehouse receipts, the damages limitation in Section 11 is unconscionable since it removes Thackray's incentive to perform due care because it would limit damages to a mere fraction of the costs of repair. See Valhal Corp., 44 F.3d at 204 ("So long as the limitation which is established is reasonable and not so drastic as to remove the incentive to perform with due care, Pennsylvania courts uphold the limitation.").

However, while Section 11 of the warehouse receipt terms, entitled "LIABILITY AND LIMITATION OF DAMAGES," provides a

damages limit to ten times Thackray's monthly storage charge,
the section also provides that:

> The warehouseman [Thackray] shall not be liable for any
> loss or injury to goods stored however caused <u>unless
> such loss or injury resulted from the failure by the
> warehouseman to exercise such care in regard to them as
> a reasonably careful man would exercise under like
> circumstances</u> and warehouseman is not liable for damages
> which could not have been avoided by the exercise of
> such care.

ECF No. 41-5, p. 116 (emphasis added). By its own terms, the
damages limitation cannot remove Thackray's incentive to
exercise due care because it explicitly excludes from limitation
damages caused by a failure to exercise due care. Moreover, the
Court has already concluded that Thackray failed to rebut the
presumption that it was negligent in handling the HVAC
equipment. Thus, the damages limitation in Section 11 is
inapplicable here and Dolan's damages are not limited to "to ten
(10) times [Thackray's] monthly storage charge." Id.

     As a result, the Court will deny in part summary judgment
to Dolan on this defense since a jury could conclude that Dolan
was bound by the warehouse receipts after the first delivery to
Thackray. However, the Court will grant in part summary judgment
in that Section 11 does not limit damages for Thackray's failure
to exercise due care and does not cap Dolan's damages.

####            2.    **Thackray's Motion**

Thackray also moves for summary judgment on its affirmative
defense that the warehouse receipts limit its liability. As
stated above, the fact that Dolan did not sign the warehouse
receipts is not dispositive on the binding nature of the terms
and, instead, the finder of fact must determine whether "the
necessary manifestation of consent to the terms of the contract"
is present. Valhal Corp., 44 F.3d at 201. While there is
evidence that Dolan consented to the terms of the warehouse
receipts in that it did not object after receiving the terms and
continued to store its equipment with Thackray, the Court
concludes that, viewing the facts in the light most favorable to
Dolan, there is debatably a genuine dispute of fact regarding
whether that passive activity manifested consent, even though
the parties are sophisticated businesses. Anderson, 477 U.S. at
248; Vasilis, 598 A.2d at 54. The Court concludes that the
issues is close enough that a jury should determine the fact of
consent.

As also stated above, however, as a matter of contract
construction for the court, the Court concludes that Section 11
of the warehouse receipts, by its own clear terms, cannot limit
Thackray's responsibility for its negligent behavior. In re
Nat'l Collegiate Student Loan Trusts 2003-1, 2004-1, 2004-2,
2005-1, 2005-2, 2005-3, 971 F.3d 433, 443 (3d Cir. 2020)

(providing that "contract construction is a question of law" for the court to decide). Thus, the Court will deny Thackray's motion on this claim.

### C.   Thackray's Invoice

Thackray also moves for summary judgment on its counterclaim that Dolan breached its contract with Thackray by failing to pay $98,495.06 in outstanding invoices for its crane lifting and storage services. Dolan did not move for summary judgment on this counterclaim. Viewing the evidence in the light most favorable to Dolan, and given the conclusions reached above, the Court finds that there are genuine disputes of material fact regarding the amount Dolan may owe Thackray for its services and the extent to which any amount owed is affected by Thackray's negligence in handling the HVAC units.

### D.   Consequential Damages

Finally, in relation to its argument that the parties are bound by the warehouse receipts, Thackray asserts that it is entitled to a finding that the warehouse receipts bar consequential damages. Section 13 of the warehouse receipts, entitled "LIABILITY FOR CONSEQUENTIAL DAMAGES," provides that the "Warehouseman [Thackray] shall not be liable for any loss of profit or special, indirect or consequential damage of any kind." ECF No. 41-5, p. 116.

Thackray contends that the $34,000 Dolan paid to cover the openings Dolan made in the WCU buildings for the HVAC units while the HVAC units were being repaired, and $8,000 charged by Xetex to have a representative on site at WCU to supervise the rigging and lifting of the repaired HVAC equipment are barred consequential damages.

As provided above, the court concludes that when viewing the facts in the light most favorable to Dolan, there is a genuine dispute of material fact regarding whether Dolan manifested consent to the terms of the warehouse agreements, including the consequential damages provision. Therefore, the Court will deny Thackray summary judgment on this issue.

## IV.   CONCLUSION

The Court will grant in part and deny in part Dolan's motion for summary judgment.

The motion is granted in that the Court concludes that Dolan is entitled to summary judgment on its breach of bailment agreement claim since no reasonable jury could conclude that the HVAC units were damaged while outside of Thackray's control. Given the unrebutted presumption, the Court also presumes Thackray was negligent in handling the HVAC units.

The Court grants in part and denies in part Dolan's motion as it relates to Thackray's sixth affirmative defense because, while there are factual disputes concerning the enforceability

17

of the warehouse agreements, as a matter of contract construction, the warehouse receipts, even if binding, do not limit damages for Thackray's negligence.

The Court will also grant summary judgment in favor of Dolan on Thackray's Counterclaims I, III, IV, and V since Thackray is not pursuing these claims.

Thackray's motion for summary judgment will be denied.

An appropriate order follows.